IN THE UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTINA HALL | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No.: 2:07-CV-611-WKW |
| R. JAMES NICHOLSON, SECRETARY OF VETERANS AFFAIRS. | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Waltina Hall, is a resident of Montgomery, Alabama and at all times material hereto has been employed by the United States Department of Veterans Affairs.

2. Defendant, R. James Nicholson, is by information believed to be the Department Head of the Department of Veterans Affairs as Secretary of Veterans Affairs.

### STATEMENT OF JURISDICTION

3. This Honorable Court has jurisdiction over the matters herein whereas there are allegations of discriminatory conduct against Plaintiff by Defendant which said conduct is believed to be prohibited by Civil Rights Act of 1964, et.seq., and or otherwise 42 U.S.C. §1983.

4. Plaintiff received the "Transfer of Final Agency Decision or Order" on or about 05 APR 2007.

### STATEMENT OF FACTS

5. Plaintiff is a member of a protected class of persons.

6. Plaintiff has been employed with the United States Federal Government for a period exceeding fourteen (14) years and her current employment is with the Defendant Agency.

7. On or about 13 JUL 2004 Plaintiff applied for a promotion to a Rating Veterans Service Representative.

8. On or about 24 JUL 2004 Plaintiff received an Acknowledgment of Application for Promotion or Reassignment from the Defendant Agency which stated Plaintiff was qualified and would be considered in the group of employees to be evaluated.

9. Plaintiff received a memorandum dated 30 SEPT 2004 stating that she did not rank high enough to be referred for final consideration.

10. Applicants whom were less qualified than Plaintiff and whom were not members of a protected class, were promoted to the applied for positions instead of Plaintiff.

11. On or about 17 NOV 2004 Plaintiff ascertained that four (4) whites employees comprising three (3) white males and one (1) white female and one(1) black female were selected to fill the available positions. Further, the one (1) black female was a lateral transfer to the available position.

12. On or about 17 NOV 2004 Plaintiff filed her EEOC complaint based on race and gender discrimination.

13. During the relative time period the Rating Board consisted of thirty-one (31) Ratings Veterans Service Representatives (RVSR) and more specifically comprised of 3 black females, 1 black male, 17 white females, and 10 white males.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

14. Plaintiff is a member of a protected class of persons.

15. On or about 13 JUL 2004 Plaintiff applied for a promotion to a Rating Veterans Service Representative.

16. On or about 24 JUL 2004 Plaintiff received an Acknowledgment of Application for Promotion or Reassignment from the Defendant Agency which stated Plaintiff was qualified and would be considered in the group of employees to be evaluated.

17. Plaintiff received a memorandum dated 30 SEPT 2004 stating that she did not rank high enough to be referred for final consideration.

18. Applicants whom were less qualified than Plaintiff and whom were not members of a protected class, were promoted to the applied for positions instead of Plaintiff.

19. On or about 17 NOV 2004 Plaintiff ascertained that four (4) whites employees comprising three (3) white males and one (1) white female and one(1) black female were selected to fill the available positions. Further, the one (1) black female was a lateral transfer to the available position.

20. Plaintiff was discriminated against based on her race and / or gender (female) when not selected by the agency for applicable promotion to which Plaintiff was more qualified than other persons not protected whom were selected for promotion.

21. The Agency's reasons for not promoting Plaintiff are merely pre-textual and not supported by any sufficient facts which would justify the refusal of the agency to promote Plaintiff to the qualified position.

22. As a direct and proximate result of Defendant Agency's acts and or omissions Plaintiff has been caused to suffer economic loss, mental anguish, and future economic loss as well as the inherent damage associated with suffrage of discrimination.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages in an

amount to be determined by a jury, plus costs of litigation and reasonable attorneys fees.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all Counts contained herein.

**RESPECTFULLY SUBMITTED** this the 2nd day of July, 2007.

_____
Michael Guy Holton (HOL106)
Attorneys for Plaintiff
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
(334) 514-6003 (direct)
gholtonattorney@hughes.net