# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WALTINA HALL, and <br> CORA UPSHAW, <br><br> Plaintiffs, <br><br> v. <br><br> DR. JAMES B. PEAKE, in his official <br> capacity as Secretary of Veterans Affairs[1] <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:07-cv-611-WKW <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION TO STAY

Comes now the Defendant, Dr. James B. Peake, Secretary of Veterans Affairs, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that these proceedings and all deadlines imposed in the Court's Order entered October 10, 2007, be stayed and as grounds states as follows:

1.      On April 9, 2008, as the parties were beginning two days of depositions in this matter, it was brought to the attention of the undersigned by Plaintiffs' counsel that each Plaintiff in this action had submitted additional claims of employment discrimination to the Veterans Administration during the pendency of and/or shortly prior to the filing of the instant complaint. Counsel for Plaintiffs also advised the undersigned that he had in the week(s) prior to April 9, 2008, requested a final agency decision without benefit of an

---

[1]      On December 20, 2007, Dr. James B. Peake was sworn in as Secretary of Veterans Affairs. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Secretary Peake is due to be substituted for Acting Secretary Mansfield.

administrative hearing as to the "new" claims of both Plaintiffs.

2.      The undersigned has since confirmed this information with counsel for the Veterans Administration.

3.      The parties agree that efficient utilization of scarce resources and time would be best served to stay the instant proceedings pending the Plaintiffs' receipt of their final agency decisions. At that time, the Plaintiffs can move to amend their complaint.[2] Assuming the Court would grant their request, all of the Plaintiffs' claims against the Defendant can be litigated in the course of one proceeding, thus saving the necessity to depose identical parties and witnesses on two separate occasions as to closely related events and transactions. Moreover, staying the instant proceedings until such time as the complaint can be amended could potentially eliminate the expense to the Court and the public of two juries and twice as many trial days.

4.      Counsel for the Plaintiffs has been contacted and has no objections to this request.

WHEREFORE, premises considered, it is respectfully requested that this matter be stayed pending the resolution of the Plaintiffs' additional claims before the appropriate administrative tribunal.

---

[2] Given the undersigned's present understanding of the nature of the pending administrative claims, he has no reason to believe that the Defendant would have any objection to the Court granting any Motion to Amend that the Plaintiffs may file once they have received their final agency decisions.

Respectfully submitted this 1st day of May, 2008.

        LEURA G. CANARY
        United States Attorney

    By: s/R. Randolph Neeley
      R. RANDOLPH NEELEY
      Assistant United States Attorney
      Bar Number: 9083-E56R
      Post Office Box 197
      Montgomery, AL  36101-0197
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      E-mail: rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Michael Guy Holton, Esquire.

      s/R. Randolph Neeley
      Assistant United States Attorney