IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTINA HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-611-WKW [WO] |
| ) | |
| Erik K. Shinseki, *in his official capacity* ) | |
| *as Secretary of Department of* ) | |
| *Veterans Affairs*, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| CORA UPSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-612-WKW [WO] |
| ) | |
| Erik K. Shinseki, *in his official capacity* ) | |
| *as Secretary of Department of* ) | |
| *Veterans Affairs*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 25, 2008, Defendant James B. Peake ("Peake")[1] filed a motion to dismiss or, in the alternative, a motion for summary judgment (Doc. # 37) to dismiss the

---

[1] The case is hereby restyled as a suit against the current Secretary of Veterans Affairs ("Secretary"), Erik K. Shinseki. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. . . . The court may order substitution at any time.") The summary judgment motion therefore will be referred to as the Secretary's motion for summary judgment.

claims in Plaintiff Waltina Hall's ("Hall") Complaint (Hall Compl. (Doc. # 1)) and Plaintiff Cora Upshaw's ("Upshaw") Second Amended Complaint (Upshaw Second Am. Compl. (Doc. # 30)).[2] Plaintiffs filed a brief in opposition to the Secretary's motion (Doc. # 48), and the Secretary replied (Doc. # 49). Based upon careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the Secretary's motion to dismiss or in the alternative, motion for summary judgment (Doc. # 37) is due to be granted.

## I.  JURISDICTION

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1343. The parties do not contest personal jurisdiction or venue, and the court finds that there are allegations sufficient to support both.

## II.  PROCEDURAL HISTORY

On July 2, 2007, Hall filed suit against then Secretary of Veterans Affairs R. James Nicholson ("Nicholson") pursuant to 42 U.S.C. § 1983 for violations of her civil rights. (Hall Compl.) On the same date, in a different case in this district, Upshaw also filed suit against Nicholson pursuant to 42 U.S.C. § 1983 for violating her civil rights. Complaint, *Upshaw v. Nicholson*, No. 2:07-cv-612. On October 3, 2007, Defendant Gordon H. Mansfield ("Mansfield"), Secretary of Veterans Affairs, replaced Nicholson as Defendant, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Hall's and Upshaw's cases were then consolidated, with Hall designated the lead case. (Doc. # 12.) In May 2008,

---

[2] The cases were consolidated October 5, 2007. (Doc. # 12.)

Peake, the Secretary of Veterans Affairs, replaced Mansfield as Defendant under Rule 25(d). Upshaw filed a Second Amended Complaint on July 20, 2008, alleging two counts of violations of her civil rights pursuant to 42 U.S.C. § 1983. (Upshaw Second Am. Compl.) As noted, Peake moved for summary judgment. (Doc. # 37.) In the meantime, Eric K. Shinseki replaced Peake as the Secretary of Veterans Affairs, and is now the Defendant in this case.

### III. STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).[3]

### IV. DISCUSSION

The parties briefed the case on its merits, but both cases are due to be dismissed on a threshold ground: 42 U.S.C. § 1983 is not the proper vehicle for suits against federal

---

[3] This case could have been resolved under the standard for a motion to dismiss since "[a] complaint is . . . subject to dismissal under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*). Because the Secretary did not raise any *specific* arguments under that standard, however, the case will be resolved under a summary judgment standard instead.

officials acting under color of federal law.[4] § 1983 (prohibiting the deprivation of federal rights by any person who does so "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"); *Seibert v. Baptist*, 594 F.2d 423, 430 (5th Cir. 1979)[5] ("'[T]hese statutes [*e.g.*, § 1983] provide a remedy for deprivation

---

[4] Also problematic is that, while Upshaw designates her suit against the Secretary as one suing him in his official capacity, she requests monetary damages. (Upshaw Second Am. Compl. 4, 6.) Assuming the Secretary were acting under color of state law, it is settled law that government officials cannot be sued under § 1983 in their official capacity for monetary damages. *See, e.g.*, *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1220 (11th Cir. 2000) ("[T]he Eleventh Amendment does not generally prohibit suits against state officials in federal court seeking only prospective injunctive or declaratory relief, but bars suits seeking retrospective relief such as restitution or damages."). The only explicit indication in Upshaw's amended complaint that the Secretary was sued in his official capacity, however, is in the caption.

"The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued. In general, plaintiffs have a duty to 'make plain who they are suing and to do so well before trial.'" *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008) (quoting *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995)). Without deciding the capacity in which Defendant is sued, the court notes nevertheless the Eleventh Circuit's instructions on resolving that question:

> [P]laintiffs are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both. *Hobbs v. Roberts*, 999 F.2d 1526, 1529-30 (11th Cir. 1993). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Jackson v. [Ga.] Dep't of [Transp.]*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, while it is "clearly preferable" that a plaintiff state explicitly in what capacity defendants are being sued, "failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).
>
> In looking at the course of proceedings, courts consider such factors as the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity which serve as an indicator that the defendant had actual knowledge of the potential for individual liability.

*Id.*

[5] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit

of rights under color of state law and do not apply when the defendants are acting under color of federal law.'" (quoting *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978))).[6] Plaintiffs' allegations are that the Secretary violated their federal rights while acting under color of federal law.[7] (*See* Hall Compl. ¶¶ 14-22; Upshaw Am. Compl. ¶¶ 19-36; Docs. # 37, 48, 49.) Therefore, Plaintiffs have failed to state a claim for relief as a matter of law, and the Secretary is entitled to judgment.[8]

---

prior to October 1, 1981.

[6] For a more recent example of a case applying this holding, see *Osahar v. Postmaster Gen. of the U.S. Postal Serv.*, 263 F. App'x 753, 763 (11th Cir. 2008).

[7] Plaintiffs' general reference, in their respective Statements of Jurisdiction, to the Civil Rights Act of 1964, is not sufficient to allege a cause of action under Title VII. (*See* Hall Compl. ¶ 3; Upshaw Am. Compl. ¶ 3.) Plaintiffs merely note as a jurisdictional matter that the conduct is "believed to be prohibited by Civil Rights Act of 1964" and § 1983. The alleged counts are for § 1983, and no specificity is given with respect to employment discrimination.

[8] Judgment would be rendered in favor of Defendant even if the case were resolved on the merits of the violations of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e- to e-17. Both Plaintiffs allege they were denied promotions within the agency because of their race or gender, and Upshaw alleged retaliatory discrimination as well. (Hall Compl. ¶ 20; Upshaw Am. Compl. ¶¶ 17, 25.) Upshaw alleged that the unlawful denial of a promotion occurred for two separate applications. (Upshaw Am. Compl. ¶¶ 5-18.) She also alleged that a totally separate adverse employment action was discriminatory, but eventually conceded that claim (Resp. 8).

Having assessed the evidence and briefs, the court finds Plaintiffs have failed to show that the legitimate non-discriminatory reasons Defendant give for the non-promotions were pretextual. *See Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1347 & n.2 (11th Cir. 2007) (per curiam) (describing a *prima facie* case for failure to promote and the burden-shifting framework for a circumstantial evidence case on summary judgment). Plaintiffs must show not only that the legitimate non-discriminatory reasons were false, but also that discrimination was the reason for the action. *Id.* at 1349. Plaintiffs have not presented sufficient evidence that the candidates who were referred for further consideration in the 2004 process, or the candidates selected after the 2006 process, were so much less qualified than Plaintiffs that Defendant's reasons for not promoting Plaintiffs reasonably could be found pretextual. With respect to Plaintiffs' claim that at least one reviewer relied on personal knowledge of another candidate in his assessment (Resp. 2, 11), the use of subjective criteria to select a candidate rarely proves pretext absent evidence that the subjective criteria were a "mask for discrimination"; subject criteria are sufficient *non-discriminatory* reasons for not promoting someone. *See Springer*, 509 F.3d at 1349-50. The fact that the use of subjective criteria may have violated other rules for review is not sufficient evidence that the criteria were a discriminatory mask. The disparities between the

## V. CONCLUSION

It is ORDERED that Defendant's motion for summary judgment (Doc. # 37) is GRANTED as to each case.  An appropriate judgment will be entered.

DONE this 9th day of April, 2009.

                                         /s/  W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE

---

qualifications for the candidates who were chosen, either for further consideration (2004) or for the positions (2006), and the qualifications of Plaintiffs, must be considerable for Plaintiffs to prevail.  It cannot be said that no reasonable person could have chosen the allegedly less qualified candidate over Plaintiffs, *see id.* at 1349.